Alan Field Entertainment Group, LLC
62 Central Avenue
Demarest, New Jersey 07627
Tel: (201) 478-3800
Fax: (646) 417 6880
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Starline Films, LLC, StarChild Productions, LLC, Jonathan Doscher and Francine Ganguzza<br><br>                       Plaintiff,<br><br>      -against-<br><br>Ercan Bas, Christopher Riggi a/k/a Chris Riggi, Alexander Dube a/k/a Alex Dube, Stephen Hirsh, Gersh Agency, JoAnna Colonna, Brillstein Entertainment Partners, Jonathan Gray, Esq., Gray Kraus Stratford Des Rochers LLP<br><br>                     Defendant | Index No.1:13-cv-00110-JPO<br><br>**ECF CASE**<br><br>**COMPLAINT**<br><br>**Jury Trial Demanded** |

The Plaintiffs, Starline Films, LLC (hereinafter "Starline"), and StarChild Productions, LLC (hereinafter "StarChild"), Jonathan Doscher (hereinafter "Doscher") and Francine Ganguzza (hereinafter "Ganguzza") by and through their undersigned attorney(s), hereby file this complaint against the Defendants, allege and show the Court the following:

## INTRODUCTION

1. Plaintiffs allege that, pursuant to the AntiCybersquatting Consumer Protection Act ("ACPA"), as amended, 15 U.S.C.S. §1125(a), they are entitled to recover from Defendants, statutory damages, liquidated damages and attorneys' fees and costs.

2. Plaintiffs allege that, pursuant to United States Copyright Law, as amended 17 U.S.C.S. § 101 *et seq.,* they are entitled to recover from Defendants, statutory damages, liquidated damages and attorneys' fees and costs.

3. Plaintiffs allege that, pursuant to breach of contract under New Jersey statutes and

case law, they are entitled to recover from Defendants, a monetary award and attorneys' fees and costs.

4. Plaintiffs allege that, pursuant to tortuous interference with contract under New Jersey statutes and case law, they are entitled to recover from Defendants, a monetary award and attorneys' fees and costs.

5. Plaintiffs allege that, pursuant to tortuous interference with prospective economic advantage under New Jersey statutes and case law, they are entitled to recover from Defendants, a monetary award and attorneys' fees and costs.

6. Plaintiffs allege that, pursuant to fraud under New Jersey statutes and case law, they are entitled to recover from Defendants, a monetary award and attorneys' fees and costs.

7. Plaintiffs allege that, pursuant to conversion under New Jersey statutes and case law, they are entitled to recover from Defendants, a monetary award and attorneys' fees and costs.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this controversy pursuant 15 U.S.C.S. §1125(d) 28 U.S.C. § 1331, 1332, 1337 and 1343, and has supplemental jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## THE PARTIES

10. At all times hereinafter mentioned, all Plaintiffs are and remain residents and/or were formed under the laws of the State of New Jersey.

11. Individual Defendant Ercan Bas, (hereinafter "Bas") is a screenwriter whose residential address is 1457 Riveredge Drive, Pompton Lakes, New Jersey 07442.

12. Individual Defendant Christopher Riggi a/k/a Chris Riggi, (hereinafter "Riggi") is an actor whose residential address is 639 North Broadway, Saratoga Springs, New York 12866.

13. Individual Defendant Alexander Dube a/k/a Alex Dube, (hereinafter "Dube"), is an

investor whose business address is 165 West 46th Street, Suite 701, New York, New York 10036.

14. Upon information and belief, individual Defendant, Hirsh, (hereinafter "Hirsh") is an agent employed by Gersh. With a principal office located at 41 Madison Avenue, 33rd Floor, New York, New York 10010.

15. Corporate Defendant, Gersh Agency, (hereinafter "Gersh"), is a domestic business corporation organized under the laws of New York, with a principal executive office located at 41 Madison Avenue, 33rd Floor, New York, New York 10010.

16. Upon information and belief, individual Defendant, JoAnne Colonna, (hereinafter "Colonna"), is Chris Riggi's manager with a principal executive office located at 375 Greenwich Street, New York, New York 10013.

17. Corporate Defendant, Brillstein Entertainment Partners, (hereinafter "Brillstein"), is a domestic business corporation organized under the laws of New York, with a principal executive office located at 375 Greenwich Street, New York, New York 10013.

18. Individual Defendant Jonathan Gray, (hereinafter "Gray"), represents all remaining Defendants in this matter, with a principal executive office located at Gray Krauss Stratford Des Rochers LLP, 207 West 25th Street, 6th Floor, New York, New York 10001.

19. Corporate Defendant, Gray Krauss Stratford Des Rochers LLP, (hereinafter "GKSD"), is a domestic business partnership organized under the laws of New York, with a principal executive office located at Gray Krauss Stratford Des Rochers LLP, 207 West 25th Street, 6th Floor, New York, New York 10001.

20. All Defendants are hereinafter collectively referred to as "Defendants."

# FACTS

21. Plaintiffs Starline, with Doscher and Ganguzza as co-producer signatories, and Defendant Bas entered into a Literary Option Agreement (hereinafter referred to as "Option Agreement") on July 10, 2012, within which Starline optioned from Bas an eighteen month exclusive use to the intellectual property rights to produce, develop and exploit a motion picture based on Bas's screenplay entitled "Brando." (hereinafter the "Picture") (see Exhibit A)

22. Initially, all Plaintiffs worked exclusively to raise capital from individual investors, for a development budget of the Picture.

23. The parties agreed to have potential investors write checks to StarChild once Doscher presented the opportunity to them.

24. On August 14, 2012, Dube emailed Doscher, Ganguzza, Riggi and Bas, to address modifications to the terms of the Partnership Agreement. (see Exhibit B) On August 15, 2012, on behalf of the Picture, Doscher responded and agreed to modify the terms of the Partnership Agreement. (see Exhibit C) On August 15, 2012 Ganguzza emailed Dube with the modifications to the terms of the Partnership Agreement (see Exhibit D) as Dube requested and Ganguzza and Doscher negotiated with Dube, the first investor, to invest $25,000 towards the Picture's movie trailer to be used as a sales and marketing tool, and informed Riggi and Bas of this in an email, both of whom congratulated Doscher and Ganguzza on their good work (see Exhibit E) at securing these initial funds through the Partnership Agreement.

25. On August 15, 2012, Doscher emailed Bas and Riggi about additional potential investors. (see Exhibit C)

26. On August 15, 2012, Bas emailed Ganguzza asking what needed to be done to release Brando under Starline's option. (see Exhibit F)

27. On August 16, 2012, Dube requested in an email for Ganguzza to make more "final changes" to the Partnership Agreement. These modifications were made and sent to Dube to

execute the Partnership Agreement. (see Exhibit G)

28. On August 17, 2012, investor Dube emailed the executed Intellectual Property Purchase and Partnership Agreement ("Partnership Agreement") to Doscher, Ganguzza, Riggi and Bas. (see Exhibit H)

29. Although all monies were to be paid to StarChild, Riggi and Bas insisted that the first check be given to them, instead, with the understanding that they would pay StarChild. (see Exhibit I)

30. On August 17, 2012, investor Dube emailed Doscher, Ganguzza, Riggi and Bas stating that he would send his check for $25,000 made payable to Riggi and sent to Riggi's home address. (see Exhibit H)

31. On August 21, 2012, Bas and Riggi emailed Ganguzza a list of questions about the structure of Starline Films, and were addressed by Doscher and Ganguzza. (see Exhibit J) Ganguzza responded with answers to all of Bas and Riggi's questions. (see Exhibit K) Bas and Riggi responded with unexplained critical comments about how the project should be managed, (see Exhibit L) while simultaneously assuring Doscher and Ganguzza that they intended to comply with the terms of the Option Agreement.

32. On August 21, 2012, Doscher spoke with another investor, John Gilbert (hereinafter "Gilbert") at length, and Gilbert agreed to meet with Doscher and expressed interest in investing $30,000.00 to be utilized to pay a director to create a promo video/trailer to promote the Picture. (see Exhibit M)

33. Bas and Riggi assured Doscher they would provide potential investors for an additional $195,000.00.

34. On August 30, 2012, Doscher contacted Dube through email and voicemail regarding the $25,000 check and gave him the option to either (1) stop payment on the original check and reissue a new check, or (2) pursue Riggi and Bas to forward the check to StarChild.(see Exhibit N)

35. On September 3, 2012, Dube responded by saying that he would not stop payment on the check nor pursue Riggi and Bas to forward the check to StarChild. (see Exhibit O)

36. On August 30, 2012, Doscher informed Colonna and Hirsh of Bas and Riggi's breach of the Option Agreement, (see Exhibit P) yet neither Hirsh nor Colonna, nor their respective employers Gersh and Brillstein, expressed any intention to advise Bas and their client, Riggi, to honor his role in the Option Agreement with Starline or obligation to pay StarChild.

37. On August 30, 2012, Bas emailed Doscher, informing him that he owns the domain names to two of its active movie projects, as well as one for Starline Films and for Ganguzza's personal name, as is confirmed in Bas's email to Doscher, (see Exhibit Q) and on Bas's website. (see Exhibit R)

38. On August 30, 2012, Doscher informed Gilbert of Bas and Riggi's breach of the Option Agreement. (see Exhibit S)


## STATEMENT OF CLAIMS
## FOR A FIRST CAUSE OF ACTION
## VIOLATION OF ANTICYBERSQUATTING CONSUMER PROTECTION ACT

39. Plaintiffs reallege and replead Paragraphs 1 through 38 of this Complaint as if fully set forth herein.

40. Plaintiffs are covered within the meaning of the ACPA, 15 U.S.C.S. § 1125(a).

41. Starline and StarChild are in the business of producing motion pictures on diverse subjects.

42. Two of the projects Starline is currently in the development stage of producing, are entitled Old Stone Face and The Westies.

43. Bas was aware of these projects through discussions with Doscher and Ganguzza.

44. Bas has willfully, maliciously and vindictively registered these titles as domain names with the intent to cause irreparable harm in the following formats: oldstoneface.com,

oldstonefacemovie.com and the westiesmovie.com.

45. Starline has been in the business of filmmaking for more than eight years.

46. Bas has willfully, maliciously and vindictively registered the domain name, starline-studios.com with intent to cause irreparable harm, while knowing that Starline was forming an additional company "Starline Studios" to produce new movie projects.

47. Doscher has been a producer in the film industry since September, 2000, and with Starline for more than 10 years. Doscher has dealt directly with Bas and Riggi.

48. Ganguzza has been a producer since August, 2001 and with Starline for 7 years. Ganguzza has dealt directly with Bas and Riggi.

49. Bas has willfully, maliciously and vindictively registered a domain name in Ganguzza's name: franganguzza.com with intent to cause irreparable harm and costly damages.

50. As a direct and proximate result of Bas's willful, malicious and vindictive conduct and his blatant disregard of the ACPA, Plaintiffs suffered damages in the amount of $5,000,000.00 ($1,000,000.00 per domain name), damaged reputation, liquidated damages, reasonable attorneys' fees, costs and disbursements of this action, pursuant to 15 U.S.C.S. § 1125(a).

## FOR A SECOND CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT AGAINST DEFENDANT BAS

51. Plaintiffs reallege and replead Paragraphs 1 through 50 of this Complaint as if fully set forth herein.

52. Starline's Option Agreement with Bas gave Starline the **exclusive right** to produce, develop and exploit Bas's screenplay to produce the Picture for a period of eighteen (18) months.

53. Bas violated that exclusive right when he failed to honor this arrangement by withholding funds collectively with Riggi, and communicating with investors directly to produce the Picture without Starline's involvement.

54. As a direct and proximate result of Bas's willful, vindictive and malicious conduct and

his blatant disregard of the terms of the Option Agreement, Plaintiffs suffered monetary damages, liquidated damages, reasonable attorneys' fees, costs and disbursements of this action, pursuant to 17 U.S.C. § 101 *et seq.*

## FOR A THIRD CAUSE OF ACTION
## NEW JERSEY CLAIM FOR BREACH OF CONTRACT AGAINST DEFENDANT BAS

55. Plaintiffs reallege and replead Paragraphs 1 through 54 of this Complaint as if fully set forth herein.

56. Starline, with Doscher and Ganguzza as co-producer signatories, and Bas entered into an Option Agreement on July 10, 2012, within which Starline optioned from Bas an eighteen month exclusive use to the intellectual property rights to produce, develop and exploit a motion picture based on Bas's screenplay entitled "Brando." (the "Picture") (see Exhibit A)

57. Bas breached the contract by violating the good faith provision of the Option Agreement by essentially acting as a producer and approaching investors to the exclusion of Doscher and Ganguzza and withholding $25,000.00 from StarChild needed to develop the Picture.

58. As a result of Bas's breach, Plaintiff Starline/StarChild has lost $250,000.00 in investor money and is also entitled to reasonable attorneys' fees, costs and disbursements of this action.

## FOR A FOURTH CAUSE OF ACTION
## NEW JERSEY CLAIM FOR BREACH OF CONTRACT AGAINST DEFENDANT DUBE

59. Plaintiffs reallege and replead Paragraphs 1 through 58 of this Complaint as if fully set forth herein.

60. On August 15, 2012, Doscher and Ganguzza negotiated and agreed with the first investor Dube to invest $25,000.00 towards the Picture by securing these initial funds through a fully executed Partnership Agreement. Although all monies were to be paid to StarChild, Riggi and Bas insisted that the first check be given to them, instead, with the understanding that they

would pay StarChild. (see Exhibit I)

61. When Doscher realized that Riggi and Bas were withholding the funds, Doscher contacted Dube through email and voicemail regarding the $25,000 check and gave him the option to either (1) stop payment on the original check and reissue a new check, or (2) pursue Riggi and Bas to forward the check to StarChild.

62. Gilbert cancelled his investor meeting with Doscher without giving a reason why.

63. Up to an additional $195,000.00 was directed to Riggi and Bas as a result of the breach of the Partnership Agreement.

64. As a result of Dube's breach, Plaintiff Starline/StarChild has lost $250,000.00 in investor money and is entitled to reasonable attorneys' fees, costs and disbursements of this action.

## FOR A FIFTH CAUSE OF ACTION
## NEW JERSEY CLAIM FOR BREACH OF FIDUCIARY DUTY AGAINST DEFENDANT BAS

65. Plaintiffs reallege and replead Paragraphs 1 through 64 of this Complaint as if fully set forth herein.

66. Starline, with Doscher and Ganguzza as co-producer signatories, and Bas entered into an Option Agreement on July 10, 2012, within which Starline optioned from Bas an eighteen month exclusive use to the intellectual property rights to produce, develop and exploit a motion picture based on Bas's screenplay entitled "Brando." (the "Picture") (see Exhibit A)

67. Bas owed a fiduciary duty to StarChild when Bas agreed to forward the $25,000.00 check issued by Dube, to StarChild.

68. Bas violated his fiduciary duty to StarChild when Bas failed to forward the check to StarChild, and also accept funds directly from any other investor willing to invest in the Picture.

69. As a result of Bas's failure to uphold his fiduciary duty, Starline/StarChild is entitled to the $250,000.00 intended to be entrusted to it plus any additional funds form any other investors willing to invest in the Picture, as well as reasonable attorneys' fees, costs and disbursements of

this action.

## FOR A SIXTH CAUSE OF ACTION
## NEW JERSEY CLAIM FOR TORTUOUS INTERFERENCE WITH CONTRACT
## AGAINST DEFENDANT BAS

70. Plaintiffs reallege and replead Paragraphs 1 through 69 of this Complaint as if fully set forth herein.

71. Starline, with Doscher and Ganguzza as co-producer signatories, and Bas entered into a Option Agreement on July 10, 2012, within which Starline optioned from Bas an eighteen month exclusive use to the intellectual property rights to produce, develop and exploit a motion picture based on Bas's screenplay entitled "Brando." (the "Picture") (see Exhibit A)

72. A deal memo between Starline and Riggi was signed and executed to cast Defendant Riggi in the title role in the Picture. Riggi entered into this formal agreement to act in the Picture, not produce.

73. Bas and Riggi both represented to Doscher that they would prefer to receive the money directly from investor Dube prior to forwarding the funds to StarChild.

74. As a result of Bas's and Riggi's intentional interference with fulfilling the executed Partnership Agreement as between Dube and StarChild, causing Bas not to fulfill his obligations under the Option Agreement contract, Starline/StarChild is entitled to the $250,000.00 intended to be entrusted to it, as well as reasonable attorneys' fees, costs and disbursements of this action.

## FOR A SEVENTH CAUSE OF ACTION
## NEW JERSEY CLAIM FOR TORTUOUS INTERFERENCE WITH CONTRACT
## AGAINST DEFENDANT RIGGI

75. Plaintiffs reallege and replead Paragraphs 1 through 74 of this Complaint as if fully set forth herein.

76. Plaintiffs Starline, with Doscher and Ganguzza as co-producer signatories, and Bas entered into an Option Agreement on July 10, 2012, within which Starline optioned from Bas an

eighteen month exclusive use to the intellectual property rights to produce, develop and exploit a motion picture based on Bas's screenplay entitled "Brando." (the "Picture") (see Exhibit A)

77. A deal memo between Starline and Riggi was signed and executed to cast Defendant Riggi in the title role in the Picture. Riggi entered into this formal agreement to act in the Picture, not to produce it.

78. Riggi and Bas both represented to Doscher that they would prefer to receive the money directly from investor Dube prior to forwarding the funds to StarChild.

79. As a result of Riggi's and Bas's intentional interference with fulfilling the executed Partnership Agreement as between Dube and StarChild, causing Bas not to perform his obligations under the Option Agreement contract, Starline/StarChild is entitled to the $250,000.00 intended to be entrusted to it, as well as reasonable attorneys' fees, costs and disbursements of this action

## FOR AN EIGHTH CAUSE OF ACTION
## NEW JERSEY CLAIM FOR TORTUOUS INTERFERENCE WITH CONTRACT AGAINST DEFENDANT HIRSH

80. Plaintiffs reallege and replead Paragraphs 1 through 79 of this Complaint as if fully set forth herein.

81. Hirsh is Riggi's agent.

82. When Hirch failed to advise Riggi to honor his commitments to Starline/StarChild, Hirsh's intentional interference with the fulfillment of the Option Agreement as between Starline and Bas, and Partnership Agreement as between Dube and StarChild, causing Riggi and Bas not to perform their obligations under the Option Agreement Contract and Dube not to perform on the Partnership Agreement , and therefore, Starline/StarChild is entitled to the $250,000.00 intended to be entrusted to it, as well as reasonable attorneys' fees, costs and disbursements of this action.

## FOR AN NINTH CAUSE OF ACTION
## NEW JERSEY CLAIM FOR TORTUOUS INTERFERENCE WITH CONTRACT
## AGAINST DEFENDANT GERSH

83. Plaintiffs reallege and replead Paragraphs 1 through 82 of this Complaint as if fully set forth herein.

84. Gersh employs and thereby exercises control over Hirsh.

85. When Defendant Gersh failed to direct Hirsh to advise Riggi to honor his commitment to Starline/StarChild, Gersh's intentional interference with the fulfillment of the Option Agreement as between Starline and Bas, and Partnership Agreement as between Dube and StarChild, causing Riggi and Bas not to perform on the Option Agreement and Dube not to perform on the Partnership Agreement, and therefore, Starline/StarChild is entitled to the $250,000.00 intended to be entrusted to it, as well as reasonable attorneys' fees, costs and disbursements of this action.

## FOR A TENTH CAUSE OF ACTION
## NEW JERSEY CLAIM FOR TORTUOUS INTERFERENCE WITH CONTRACT
## AGAINST DEFENDANT COLONNA

86. Plaintiffs reallege and replead Paragraphs 1 through 85 of this Complaint as if fully set forth herein.

87. Colonna is Riggi's manager.

88. When Colonna failed to advise Riggi to honor his commitment to Starline/StarChild, Collonna's intentional interference with the fulfillment of the Option Agreement as between Starline and Bas, and Partnership Agreement as between Dube and StarChild, causing Riggi and Bas not to perform on the Option Agreement and Dube not to perform on the Partnership Agreement, and therefore, Starline/StarChild is entitled to the $250,000.00 intended to be entrusted to it, as well as reasonable attorneys' fees, costs and disbursements of this action.

## FOR AN ELEVENTH CAUSE OF ACTION
## NEW JERSEY CLAIM FOR TORTUOUS INTERFERENCE WITH CONTRACT
## AGAINST DEFENDANT BRILLSTEIN ENTERTAINMENT PARTNERS

89. Plaintiffs reallege and replead Paragraphs 1 through 88 of this Complaint as if fully set forth herein.

90. Brillstein Entertainment Partners employs and thereby exercises control over Colonna.

91. When Brillstein failed to direct Colonna to advise Riggi to honor his commitment to Starline/StarChild, Brillstein Entertainment Partner's intentional interference with the fulfillment of the Option Agreement as between Starline and Bas, and Partnership Agreement as between Dube and StarChild, causing Riggi and Bas not to perform on the Option Agreement and Dube not to perform on the Partnership Agreement, and therefore, Starline/StarChild is entitled to the $250,000.00 intended to be entrusted to it, as well as reasonable attorneys' fees, costs and disbursements of this action.

## FOR A TWELTH CAUSE OF ACTION
## NEW JERSEY CLAIM FOR TORTUOUS INTERFERENCE WITH CONTRACT
## AGAINST DEFENDANT GRAY

92. Plaintiffs reallege and replead Paragraphs 1 through 91 of this Complaint as if fully set forth herein.

93. Defendant Gray represents all remaining Defendants in this matter.

94. When Defendant Gray failed to advise Riggi and Bas to honor their commitment to Starline, Gray's intentional interference with the fulfillment of the Option Agreement as between Starline and Bas, and Partnership Agreement as between Dube and Starline, causing Bas and Riggi not to perform on the Option Agreement and Dube not to perform on the Partnership Agreement, and therefore, Starline/StarChild is entitled to the $250,000.00 intended to be entrusted to it, as well as reasonable attorneys' fees, costs and disbursements of this action.

## FOR A THIRTEENTH CAUSE OF ACTION
## NEW JERSEY CLAIM FOR TORTUOUS INTERFERENCE WITH CONTRACT
## AGAINST DEFENDANT GRAY KRAUS STRATFORD DE ROCHERS LLP

95. Plaintiffs reallege and replead Paragraphs 1 through 94 of this Complaint as if fully set forth herein.

96. GKSD employs as a partner and thereby exercises control over Gray.

97. When GKSD failed to direct Gray to advise Bas and Riggi to honor their commitment to Starline/StarChild, GKSD's intentional interference with the fulfillment of the Option Agreement as between Starline and Bas, and Partnership Agreement as between Dube and StarChild, causing Bas and Riggi not to perform on the Option Agreement and Dube not to perform on the Partnership Agreement, and therefore, Starline/StarChild is entitled to the $250,000.00 intended to be entrusted to it, as well as reasonable attorneys' fees, costs and disbursements of this action.

## FOR A FOURTEENTH CAUSE OF ACTION
## NEW JERSEY CLAIM FOR TORTUOUS INTERFERENCE WITH PROSPECTIVE
## ECONOMIC ADVANTAGE AGAINST DEFENDANT BAS

98. Plaintiffs reallege and replead Paragraphs 1 through 97 of this Complaint as if fully set forth herein.

99. Once Defendants Riggi and Bas decided to withhold the first $25,000.00 for themselves and not forward the funds to StarChild as agreed, the investors ceased communications with Doscher and Ganguzza.

100. When Defendant Bas failed to honor his commitment to Starline/StarChild, under the Option Agreement and interfered with the execution of the Partnership Agreement with these potential investors, this created a reasonable expectation of economic damages and therefore created an enforceable protectable right of prospective economic advantage, entitling Starline/StarChild to the $250,000.00 intended to be entrusted to it, as well as reasonable

attorneys' fees, costs and disbursements of this action.

## FOR A FIFTEENTH CAUSE OF ACTION
## NEW JERSEY CLAIM FOR TORTUOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE AGAINST DEFENDANT RIGGI

101.  Plaintiffs reallege and replead Paragraphs 1 through 100 of this Complaint as if fully set forth herein.

102.  Once Riggi and Bas decided to withhold the first $25,000.00 for themselves and not forward the funds to StarChild as agreed, the investors ceased communications with Doscher and Ganguzza.

103.  When Riggi failed to advise Bas to honor his commitment to Starline/StarChild, under the Option Agreement and interfere with the execution of the Partnership Agreement with these potential investors, this created a reasonable expectation of economic damages and therefore created an enforceable protectable right of prospective economic advantage, entitling Starline/StarChild to the $250,000.00 intended to be entrusted to it, as well as reasonable attorneys' fees, costs and disbursements of this action.

## FOR A SIXTEENTH CAUSE OF ACTION
## NEW JERSEY CLAIM FOR TORTUOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE AGAINST DEFENDANT HIRSH

104.  Plaintiffs reallege and replead Paragraphs 1 through 103 of this Complaint as if fully set forth herein.

105.  Hirsh is Riggi's agent.

106.  When Hirsh failed to advise Riggi and Bas to honor their commitment to Starline/StarChild, under the Option Agreement and interfere with the execution of the Partnership Agreement with these potential investors, this created a reasonable expectation of economic damages and therefore created an enforceable protectable right of prospective economic advantage, entitling Starline/StarChild to the $250,000.00 intended to be entrusted to it, as well as

reasonable attorneys' fees, costs and disbursements of this action.

## FOR A SEVENTEENTH CAUSE OF ACTION
## NEW JERSEY CLAIM FOR TORTUOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE AGAINST DEFENDANT GERSCH

107.   Plaintiffs reallege and replead Paragraphs 1 through 106 of this Complaint as if fully set forth herein.

108.   Gersh employs and thereby exercises control over Hirsh.

109.   When Gersh failed to direct Hirsh to advise Riggi and Bas to honor their commitment to Starline/StarChild, under the Option Agreement and interfere with the execution of the Partnership Agreement with these potential investors, this created a reasonable expectation of economic damages and therefore created an enforceable protectable right of prospective economic advantage, entitling Starline/StarChild to the $250,000.00 intended to be entrusted to it, as well as reasonable attorneys' fees, costs and disbursements of this action.

## FOR AN EIGHTEENTH CAUSE OF ACTION
## NEW JERSEY CLAIM FOR TORTUOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE AGAINST DEFENANT COLONNA

110.   Plaintiffs reallege and replead Paragraphs 1 through 109 of this Complaint as if fully set forth herein.

111.   Colonna is Riggi's manager.

112.   When Colonna failed to advise Riggi to advise Bas to honor his commitment to Starline/StarChild, under the Option Agreement and interfere with the execution of the Partnership Agreement with these potential investors, this created a reasonable expectation of economic damages and therefore created an enforceable protectable right of prospective economic advantage, entitling Starline/StarChild to the $250,000.00 intended to be entrusted to it, as well as reasonable attorneys' fees, costs and disbursements of this action.

## FOR A NINETEENTH CAUSE OF ACTION
## NEW JERSEY CLAIM FOR TORTUOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE AGAINST DEFENDANT BRILLSTEIN

113.  Plaintiffs reallege and replead Paragraphs 1 through 112 of this Complaint as if fully set forth herein.

114.  Brillstein employs and thereby exercises control over Colonna.

115.  When Brillstein failed to direct Colonna to advise Riggi to advise Bas to honor his commitment to Starline/StarChild, under the Option Agreement and interfere with the execution of the Partnership Agreement with these potential investors, this created a reasonable expectation of economic damages and therefore created an enforceable protectable right of prospective economic advantage, entitling  Starline/StarChild to the $250,000.00 intended to be entrusted to it, as well as reasonable attorneys' fees, costs and disbursements of this action.

## FOR A TWENTIETH CAUSE OF ACTION
## NEW JERSEY CLAIM FOR TORTUOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE AGAINST DEFENDANT GRAY

116.  Plaintiffs reallege and replead Paragraphs 1 through 115 of this Complaint as if fully set forth herein.

117.  Gray is Bas's attorney.

118.  When Gray failed to advise Bas and Riggi to honor their commitment to Starline/StarChild, under the Option Agreement and interfere with the execution of the Partnership Agreement with these potential investors, this created a reasonable expectation of economic damages and therefore created an enforceable protectable right of prospective economic advantage, entitling  Starline/StarChild to the $250,000.00 intended to be entrusted to it, as well as reasonable attorneys' fees, costs and disbursements of this action.

## FOR A TWENTY-FIRST CAUSE OF ACTION
## NEW JERSEY CLAIM FOR TORTUOUS INTERFERENCE WITH CONTRACT
## AGAINST DEFENDANT GRAY KRAUS STRATFORD DE ROCHERS LLP

119.   Plaintiffs reallege and replead Paragraphs 1 through 118 of this Complaint as if fully set forth herein.

120.   GKSD employs as a partner and thereby exercises control over Gray.

121.   When GKSB failed to direct Gray to advise Bas and Riggi to honor their commitment to Starline/StarChild, under the Option Agreement and interfere with the execution of the Partnership Agreement with these potential investors, this created a reasonable expectation of economic damages and therefore created an enforceable protectable right of prospective economic advantage, entitling Starline/StarChild to the $250,000.00 intended to be entrusted to it, as well as reasonable attorneys' fees, costs and disbursements of this action.


## FOR A TWENTY-SECOND CAUSE OF ACTION
## NEW JERSEY CLAIM FOR FRAUD AGAINST BAS

122.   Plaintiffs reallege and replead Paragraphs 1 through 121 of this Complaint as if fully set forth herein.

123.   Bas and Riggi gave assurances that their relationship with Starline, Doscher and Ganguzza was positive and that they were pleased and ecstatic about it.

124.   Bas and Riggi convinced Doscher and Ganguzza that it would be best if the first $25,000.00 from Dube be directed to Riggi and that these funds would be paid to StarChild in due course.

125.   Dube understood that Riggi was to give StarChild his check.

126.   Bas and Riggi failed to follow through on their promise to pay the funds to Plaintiff StarChild.

127.   As a result of Bas's (1) material representation of the forwarding of the $25,000.00, (2) knowledge that his intentions were to retain the funds, and (3) Doscher and Ganguzza's

reliance on Bas's promise to forward the funds to StarChild, Bas has committed an act of fraud and therefore Starline/StarChild is entitled to the $250,000.00 intended to be entrusted to it, as well as reasonable attorneys' fees, costs and disbursements of this action.

## FOR A TWENTY-THIRD CAUSE OF ACTION
## NEW JERSEY CLAIM FOR FRAUD AGAINST RIGGI

128. Plaintiffs reallege and replead Paragraphs 1 through 127 of this Complaint as if fully set forth herein.

129. Riggi and Bas gave assurances that their relationship with Starline, Doscher and Ganguzza was positive and that they were pleased and ecstatic about it.

130. Riggi and Bas convinced Doscher and Ganguzza that it would be best if the first $25,000.00 from Defendant Dube be directed to Riggi and that these funds would be paid to Plaintiff StarChild in due course.

131. Dube understood that Riggi was to give StarChild his check.

132. Riggi failed to follow through on his promise to pay the funds to Plaintiff StarChild.

133. As a result of Riggi's (1) material representation of the forwarding of the $25,000.00, (2) knowledge that his intentions were to retain the funds, and (3) Doscher and Ganguzza's reliance on Bas's promise to forward the funds to StarChild, Riggi committed an act of fraud and therefore Starline/StarChild is entitled to the $250,000.00 intended to be entrusted to it, as well as reasonable attorneys' fees, costs and disbursements of this action.

## FOR A TWENTY-FOURTH CAUSE OF ACTION
## NEW JERSEY CLAIM FOR INTENTIONAL CONVERSION AGAINST BAS

134. Plaintiffs reallege and replead Paragraphs 1 through 133 of this Complaint as if fully set forth herein.

135. Doscher and Ganguzza understood Riggi's and Bas's intention to pay the $25,000.00 to StarChild once Dube's check had cleared the bank.

136. Bas failed to follow through on his promise by withholding the funds.

137. As a result of Bas's exercising his control over the $25,000.00 and denying Starline/StarChild's lawful right to take possession of these funds pursuant to their arrangement, Starline/StarChild is entitled to the $250,000.00 intended to be entrusted to it, as well as reasonable attorneys' fees, costs and disbursements of this action.

## FOR AN TWENTY-FIFTH CAUSE OF ACTION
## NEW JERSEY CLAIM FOR INTENTIONAL CONVERSION AGAINST RIGGI

138. Plaintiffs reallege and replead Paragraphs 1 through 137 of this Complaint as if fully set forth herein.

139. Doscher and Ganguzza understood Riggi's and Bas's intention to pay the $25,000.00 to StarChild once Dube's check had cleared the bank.

140. Riggi failed to follow through on his promise by withholding the funds.

141. As a result of Riggi's exercising his control over the $25,000.00 and denying Starline/StarChild's lawful right to take possession of these funds pursuant to their arrangement, Starline/StarChild is entitled to the $250,000.00 intended to be entrusted to it, as well as reasonable attorneys' fees, costs and disbursements of this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

a. A monetary award of $250,000, representing the $25,000.00 agreed to under contract, plus the $225,000 agreed to as the maximum amount of investment needed.

b. An injunction against Defendant Bas and his officers, agents, successors, employees, representatives and any and all persons acting in concert with him as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of liquidated and/or punitive damages as a result of Defendants' willful conduct as to the registration of domain names that would negatively affect the livelihood of the Plaintiffs in the amount of $5,00,000.00;

d. Penalties available under applicable laws;

e. An award of prejudgment and postjudgment interest;

f. An award of costs of action incurred herein, including expert fees;

g. An award of attorneys' fees; and

h. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: New York, New York

December 29, 2012

Respectfully submitted,

Alan Field Entertainment Group, LLC
62 Central Avenue
Demarest, New Jersey 07627
Tel: (201) 478-3800
Fax: (646) 417 6880
*Attorney for Plaintiff*

By: _____
Alan J. Field, Esq.